## Nelson Creek Coal Company v. West Point Brick and Lumber Company.

(Decided March 28, 1913.)

### Appeal from Hardin Circuit Court.

Contracts—Contract to Ship Coal—Mistake of Figures in Original Opinion—Correction.—In the original opinion the excess in freight rate paid by appellee was given at ten cents per ton, when the true excess was sixty cents per ton. In other words, the freight rate paid was $1.20 per ton, instead of seventy cents as in another part of the opinion stated, and to this extent the opinion is corrected. In other respects the petition for rehearing is overruled.

GEORGE HOLBERT and BELCHER & SPARKS for appellant.

L. A. FAUREST for appellee.

RESPONSE TO PETITION FOR REHEARING AND CORRECTION OF OPINION BY JUDGE SETTLE—(For original opinion, see 151 Ky., 835.)

The petition for rehearing calls our attention to a manifest mistake of figures in the opinion.

That is, it is said in the opinion:

"As under the contract between them appellant undertook to ship appellee the coal delivered in March from its own mine, and appellee, if it had done so, would have paid a freight rate thereon of only 60 cents per ton; when it failed to ship the coal from its own mine and required appellee to receive it from another and more distant mine

at an increased freight rate, it became liable to appellee for the amount of such increase. For this amount, 10 cents per ton, appellee recovered judgment in the court below and to that extent the judgment is correct."

The mistake in the foregoing excerpt from the opinion lies in the statement that the excess in freight rate thus paid by appellee was 10 cents per ton, when, in fact, the true excess was 60 cents per ton, and for this 60 cents per ton appellee was properly given judgment in the court below. In other words, the freight rate paid by appellee on the coal received by him from the Bevier mine was $1.20 per ton, instead of 70 cents per ton as in another part of the opinion stated. To the extent indicated the opinion is corrected, but in other respects the petition for rehearing is overruled.